IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY DON H., | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:19-CV-2441-D |
| VS. | § |
| | § |
| COMMISSIONER OF SOCIAL | § |
| SECURITY ADMINISTRATION, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this social security appeal, plaintiff's attorney petitions the court for an award of attorney's fees and award of costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes the fee application in part, contending that it seeks reimbursement for time spent on purely clerical work. Concluding that the Commissioner is partially correct, the court grants the petition in part and awards plaintiff the sum of $5,548.02 in attorney's fees and reimbursement of the $400 filing fee from the Judgment Fund.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Plaintiff secured a judgment reversing and remanding the decision of the Commissioner in this case. His attorney now applies for a fee award under the EAJA of $5,618.02. This sum is based on an hourly rate of $200 for 4.60 hours of work performed in 2019 and an hourly rate of $201.20 for 23.35 hours (21.95 hours in 2020 and 1.4 hours in 2021) of work performed in 2020 and 2021. Plaintiff's attorney also requests reimbursement of $400 in court costs. The Commissioner does not oppose the requested hourly rates but does object to the payment of EAJA fees for .85 hours for tasks that he maintains were clerical in nature and did not require the exercise of legal judgment or knowledge. The Commissioner also points out that attorney's fees under the EAJA are payable to the plaintiff, not to his attorney. And he asks the court to clarify in its order that payment of $400 for the filing fee is to be made from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304.[2]

In his reply, plaintiff agrees that time entries on December 26, 2019 for receipt of the electronic copy of the transcript (.10 hour) and on December 27, 2019 for downloading an electronic copy of the transcript (.25 hours) are for purely clerical functions and should be deducted from the itemization of attorney time spent in this matter. He maintains that these time entries should instead be listed as clerical time, charged at a rate of $95.00 per hour.

---

[2]Plaintiff states in his reply that he agrees that, under *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of EAJA fees is to the plaintiff, in the care of plaintiff's counsel, and that he "has no issue" with a statement that the Department of the Treasury is responsible for reimbursing court costs. Reply 2.

II

"[C]ourts in this Circuit have held that counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff." *Harris v. Colvin*, 2013 WL 2896880, at *5 (N.D. Tex. June 13, 2013) (Ramirez, J.) (citing cases), *rec adopted*, 2013 WL 2896880 (N.D. Tex. June 13, 2013) (Lynn, J.). Because plaintiff's counsel admits that the December 26, 2019 and December 27, 2019 time entries are for "purely clerical functions," he cannot recover attorney's fees under the EAJA for these entries.

Regarding the other time entries to which the Commissioner objects, plaintiff contends that they are not for "purely clerical tasks." He maintains that time spent communicating via email with the referring attorney on April 6, 2020 and December 8, 2020 is not a clerical function because an "attorney has the right to anticipate that his inquiries will be handled in a professional manner by his professional peer, not by a clerical employee." Reply 3. Plaintiff's counsel contends that time spent determining when pleadings were due and making calendar entries on December 24, 2019 and January 10, 2020 was not a "purely" clerical function because calculating deadlines requires knowledge of the local rules and most attorneys maintain their own personal calendars so that they can keep abreast of important deadlines. The court agrees that the time entries for December 24, 2019, January 10, 2020, April 6, 2020, and December 8, 2020 do not reflect time spent on "purely clerical tasks" and finds that they are recoverable.[3]

---

[3]The court recognizes that, in another decision of this court, the judge stated that "calendaring deadlines . . . are not compensable because they are clerical in nature." *Black*

- 3 -

\* \* \*

Accordingly, plaintiff's February 3, 2021 motion for fees under the EAJA is granted to the extent that plaintiff is awarded the sum of $5,548.02[4] in attorney's fees and reimbursement of the $400 filing fee. Payment of $400 for the filing fee is to be made from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304.

**SO ORDERED**.

March 10, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

*v. SettlePou, P.C.*, 2014 WL 3534991, at \*6 (N.D. Tex. July 17, 2014) (Kinkeade, J.) ("[H]ours spent drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing case materials, and filing notices of address change are not compensable because they are clerical in nature."). The court does not disagree that some types of calendaring—for example, entry by a clerical worker of a deadline calculated by someone else or under a straightforward, prescribed formula—can be clerical. But in other instances time calculations may require an attorney's knowledge and interpretation of the national and local rules that regulate the computation of time. Ultimately, it is for the judge addressing a fee application to determine whether the applicant has demonstrated that calendaring a deadline was a service that required the knowledge and skill of an attorney rather than merely clerical.

[4]This amount represents the sum of 4.25 hours of work (4.6 hours – .35 hours) performed in 2019 at an hourly rate of $200 (4.25 x $200 = $850), and 23.35 hours (21.95 hours in 2020 and 1.4 hours in 2021) of work performed in 2020 and 2021 at an hourly rate of $201.20 (23.35 x $201.20 = $4,698.02).